IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

AMUR EQUIPMENT FINANCE, INC, )
*formerly known as* Axis Capital, Inc., )
 )
 )
v. ) NO. 3:19-0929
 )
KMH SYSTEMS, INC., et al. )

**TO:** Honorable Aleta A. Trauger, District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered February 14, 2020 (Docket Entry No. 21), this case was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure.

Presently pending before the Court is Plaintiff's motion for summary judgment (Docket Entry No. 15), to which no response has been filed. For the reasons set out below, the undersigned respectfully recommends that the motion for summary judgment be granted and that judgment be entered in favor of Plaintiff.

## I. BACKGROUND

Amur Equipment Finance, Inc., formerly known as Axis Capital, Inc. ("Plaintiff"), filed this lawsuit on October 22, 2019, against KMH Systems, Inc., ("KMH") and Michael P. Guenin ("Guenin") (collectively referred to as "Defendants"). *See* Verified Complaint (Docket Entry No. 1). Plaintiff is a Nebraska corporation that does business in Tennessee, and KMH is an Ohio

corporation that does business in Tennessee. Guenin is the president of KMH and is a resident of Indiana.

In this diversity jurisdiction case, Plaintiff alleges that KMH breached a series of equipment leases when it ceased making monthly payments to Plaintiff for equipment that it had leased from Plaintiff. Specifically, Plaintiff alleges that KMH executed a master lease agreement and four separate lease agreements (Leases Nos. 1-4)[1] during 2015 and 2016 but stopped making payments on these lease agreements in March 2018. Additionally, Plaintiff alleges that in May 2015, it was assigned the rights to a lease agreement ("Alliance Lease Agreement")[2] that KMH had entered into with Alliance Funding Group to lease equipment from Alliance Funding Group but that KMH stopped making payments on this lease agreement in April 2018. Plaintiff alleges that Guenin executed a guaranty agreement on March 28, 2015, whereby he unconditionally guaranteed the obligations of KMH to Plaintiff under all of the lease agreements, as well as costs, expenses, and reasonable attorney's fees paid or incurred by Plaintiff in enforcing any of the contracts at issue.[3] Plaintiff brings breach of contract claims, seeking damages of not less than $943,705.39.

Defendants were served with process but failed to respond to the complaint, and the initial case management conference in the case was continued. In lieu of seeking the entry of default and a default judgment against Defendants, Plaintiff filed the pending motion for summary judgment. By Order entered December 12, 2019, the Court specifically warned Defendant of their need to

---

[1] *See* Docket Entry Nos. 1-1 through 1-9.

[2] *See* Docket Entry Nos. 1-10 through 1-12.

[3] *See* Docket Entry No. 1-19.

respond to the motion for summary judgment. *See* Docket Entry No. 20. However, Defendants have not responded to the motion or otherwise taken any action to defend against the lawsuit.

## II. MOTION FOR SUMMARY JUDGMENT

Plaintiff seeks summary judgment on its breach of contact and guaranty claims.[4] Plaintiff argues that it is entitled to judgment in its favor as a matter of law because the undisputed facts show: (1) the existence of enforceable contracts between the parties; (2) nonperformance and material breaches of those contracts by Defendants; and, (3) damages to Plaintiff caused by the breaches. Plaintiff requests that a final judgment be entered in its favor for no less than $932,509.04.[5] In support of its motion, Plaintiff relies on its verified complaint and copies of the contracts at issue and other relevant documents attached to the complaint, the declarations of Seth Young (Docket Entry No. 17) and Blake Roth (Docket Entry No. 18), and a statement of undisputed material facts (Docket Entry No. 16).

## III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the

---

[4] Plaintiff also brings a claim for indemnification (Count VI). *See* Verified Complaint at ¶¶ 86-95. Because Plaintiff does not address this claim in its motion and does not seek summary judgment on this claim, however, the Court views this claim as being abandoned by Plaintiff.

[5] Plaintiff's requested damage award tracks the request for relief made in its pleading but (1) does not include the $14,398.00 requested for the indemnification claim and (2) includes an amount of $3,201.65 for attorneys' fees and expenses. *See* Memorandum in support (Docket Entry No. 5) at 5.

3

movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. Once the moving party has presented evidence sufficient to support a motion for summary judgment, the non-moving party must present significant probative evidence to support the complaint. *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896 (2001).

## IV. ANALYSIS

Plaintiff's motion should be granted and summary judgment should be awarded to Plaintiff in this case. Under Nebraska law,[6] a party seeking recovery for breach of contract must prove: the existence of a promise, its breach, damage, and compliance with any conditions precedent that activate the opposing party's duty. *Henriksen v. Jim's Body Shop*, 643 N.W.2d 652, 658 (Neb. 2002). A guarantor who has made an unconditional guaranty of payment may be sued directly on an unsatisfied payment. *First Nat. Bank, Stromsburg v. Benedict Consol. Indus., Inc.*, 402 N.W.2d

---

[6] Although the contracts at issue contain choice of law provisions to be governed by the laws of the State of Nebraska, *see* Master Lease Agreement at ¶ 33; Alliance Lease Agreement at ¶ 20; and Guaranty Agreement at ¶ 9, Plaintiff refers to Tennessee law in its supporting memorandum.

4

259, 262 (1987). Through its verified complaint, the documents attached to the verified complaint, and the declarations attached to its motion, Plaintiff has submitted into the record evidence that supports its breach of contract and guarantor claims and its request for damages as relief. It has further submitted a statement of undisputed material facts that outlines the facts supporting its claims and entitling it to relief. The Court has examined these filings and finds that Plaintiff has met its burden of showing that there is no genuine dispute as to any material fact and that it is entitled to relief under the applicable law without the necessity of a trial.

Defendants have not defended this action and have not responded in any manner to Plaintiff's motion. While Defendants' failure to respond to the motion is not by itself a sufficient basis upon which to grant the motion, their failure to respond renders Plaintiff's supporting facts undisputed and uncontroverted.[7] *See Malugin v. Mountain States Contractors, LLC*, 2017 WL 712749 at *2 (M.D.Tenn. Feb. 23, 2017) (Sharp, J.)(*citing Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404-05 (6th Cir. 1992)). Additionally, Defendants' failure to offer a theory in opposition to the legal claims brought against them infers that no viable theory of opposition exists.[8]

In light of the sound legal claims presented by Plaintiff and the unrebutted evidence it has presented showing its entitlement to relief on these claims, summary judgment should be granted to Plaintiff against Defendants, joint and severally, in the amount of $932,509.04. The Court declines Plaintiff's request that this award also include an additional unspecified amount for "all reasonable costs and expenses incurred by Amur in any repossession, recovery, storage, repair, sale,

---

[7] Under Local Rule 56.01(f), Plaintiff's asserted facts are deemed undisputed because of Defendants' failure to respond to Plaintiff's statement of undisputed material facts.

[8] Under Local Rule 7.01(a)(3), Plaintiff's motion is deemed to be unopposed because of Defendants' failure to file a response.

re-lease, or other disposition of the equipment leased by KMH, including but not limited to costs of transportation, possession, storage, refurbishing, advertising and broker's fees together with all attorney's fees and costs incurred in connection therewith or otherwise resulting from KMH's default" and that it be granted "leave to request as additional damages such other costs and fees that may have accrued between the date of this motion and entry of summary judgment." *See* Motion a 2. Damages in addition to the sum certain awarded to Plaintiff are not supported by any evidence that is in the record and are speculative. If Plaintiff seeks additional damages, it needs to quantify such damages and make a specific request that can be made part of a single and final judgment in this case. There is no purpose to be served by piece-meal judgment awards.

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that:

1. The motion for summary judgment (Docket Entry No. 15) of Plaintiff Amur Equipment Finance, Inc., formerly known as Axis Capital, Inc., be GRANTED; and

2. Judgment be entered in favor of Plaintiff Amur Equipment Finance, Inc., formerly known as Axis Capital, Inc., and against Defendants KMH Systems, Inc., and Michael P. Guenin, jointly and severally, in the amount of $932,509.04.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding

the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

    Respectfully submitted,

    _____
    BARBARA D. HOLMES
    United States Magistrate Judge